UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN DUGAN
   Plaintiff,

vs.   No. 04-1414

STEPHEN MOTE, et.al.,
   Defendants,

ORDER

This cause is before the court for consideration of various pending motions including: the defendants' dispositive motions [d/e 26, 41, 72]; the parties various discovery motions [d/e 53, 60, 63, 65, 66, 67, 75] and plaintiff's motion concerning service of certain defendants. [d/e 46]

BACKGROUND

On December 3, 2004, the plaintiff filed this case with the clerk of the court. On January 27, 2005 the court conducted a merit review of the plaintiff's complaint as required by 28 U.S.C. §1915A. The plaintiff, Brian Dugan, had filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Pontiac Correctional Center. The plaintiff had named 14 defendants including Warden Stephen Mote; Illinois Department of Corrections (IDOC) Director Roger Walker; Officer P. Parker; Nurse Skeens; Grievance Officer Terry Kennedy; Administrative Review Board Member Douglas Cravens; Lieutenants Larry Deathridge and Russell Eckert; Adjustment Committee Members Erika Howard, Richard Robinson and Anabelle Motteler; Illinois Department of Corrections Legal Services Attorney Diane Marselek; and the designees for the warden and the IDOC's director.

The court reviewed the plaintiff's intended claims with the plaintiff during the merit review hearing. The plaintiff said on August 26 and 27, 2003 and September 2 and 3, 2003, he was taken to the Health Care Unit and told he must voluntarily submit a blood sample for DNA testing. The plaintiff said he refused and was issued three disciplinary tickets. The plaintiff said he was found guilty of each, but did not lose any good time credits as a result. The plaintiff further stated Defendants Parker, Skeens, Deathridge, Eckert and Mote were involved in these events.

The plaintiff said Adjustment Committee Members Howard, Motteler and Robinson found him guilty after hearings were held on September 2 and 11, 2003. The plaintiff stated these defendants misrepresented the record of the proceedings, refused any witnesses and

refused to allow the plaintiff to prepare a written statement.  The plaintiff further claimed that due to his transfer to segregation, he was also denied all property and was not allowed to prepare a defense.
The plaintiff says Defendants Cravens, Mote and Walker signed off on the discipline.  In addition, the plaintiff says Grievance Officer Kennedy misrepresented his claims.

At the conclusion of the hearing, the court found that the plaintiff has adequately alleged:

1) that the defendants denied his due process rights in issuing the disciplinary tickets and during the disciplinary hearings; and
2) that requiring the plaintiff to voluntarily submit to the blood test violated his Fourth Amendment rights.

The claims were against the defendants in their individual capacities only.

The case was then referred to the magistrate judge for consideration of any filing deficiencies and the pending motion to proceed in forma pauperis.  The plaintiff's motion to proceed in forma pauperis was granted on April 11, 2005, and the clerk filed the plaintiff's original complaint.

The defendants have filed dispositive motions that ignore the merit review order and consider additional claims not identified in this order.  Beyond the two claims identified by the court, the defendants also state they did not violate the plaintiff's First and Fifth Amendment rights, did not retaliate against him and did not violate the equal protection clause.  The basis of the defendants argument is that the plaintiff has failed to state a claim upon which relief can be granted for any of these violations and therefore the claims should be dismissed.

The court found two claims in the plaintiff's complaint and agrees that the plaintiff did not adequately allege any other violations.  The plaintiff participated in the merit review hearing which was specifically held to identify viable claims.   The court notes the plaintiff has not filed any motions asking the court to recognize any additional claims since that hearing.  Therefore, the court will not consider any arguments that do not address the two claims specifically outlined in the merit review order.   The court has already stated that there are two claims in this case: a violation of due process rights and a violation of the Fourth Amendment.

The defendants have filed two motions to dismiss and a motion for summary judgement.  The court notes that Defendant Skeens motion for summary judgement does not include exhibits and the "statement of undisputed material facts" are facts that are already before this court from the plaintiff's complaint and attached exhibits.  The court will consider the pending motions to dismiss the complaint before considering the motion for summary

2

judgement.

## II. LEGAL STANDARD FOR MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). *See also* Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the Court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

## III. ANALYSIS

A. DUE PROCESS

The defendants claim the plaintiff was not entitled to any due process during the disciplinary hearings because there was no question of a protected liberty or property interest. "To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." DeWalt v. Young, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted). Already-earned good time credit is a constitutionally protected interest. Whitlock v. Johnson, 153 F.3d 380, 385 (7th cir. 1988). However, a prisoner has no protected liberty interest in remaining in the general population, in maintaining a status grade, or in commissary privileges. Thomas v Ramos, 130 F.3d 754, 760-62 (7th Cir. 1997(70 days in segregation not atypical and significant hardship; no protected liberty interest in demotion to C-grade status and loss of commissary privileges); Wagner v Hanks, 128 F.3d 1173, 1175-76 (7th Cir. 1997)(rejecting claim that prisoner was improperly held one year in disciplinary confinement); Whitford v Boglino, 63 F.3d 527, 533 (7th Cir. 1995)(six months in segregation not atypical and significant hardship).

The plaintiff's complaint includes copies of the Final Adjustment Committee reports for each of his disciplinary hearings. In each case, the plaintiff received 3 months of "C" grade status; 3 months loss of commissary and audio/video privileges; and 3 months in segregation. The plaintiff did not lose any good time credits. Without the deprivation of a liberty interest, the defendants are correct that the plaintiff has no due process claim. The motions to dismiss this claim are granted.

B.  FOURTH AMENDMENT

The defendants argue that the plaintiff has failed to state a violation of his constitutional rights concerning the requirement that plaintiff provide a blood test for a DNA sample. The plaintiff in his complaint says he was asked to provide the blood sample pursuant to Illinois statute 730 ILES 5/5-4-3. The plaintiff says each time he was asked, he refused because plaintiff:

> had a natural life sentence; the law required him to provide or submit a specimen of blood for DNA testing, only, prior to final discharge, parole or release, as a condition of release; he had no discharge, parole or release date nor any conditions of release, therefore, he was not subject to testing at any that time. (Comp, p. 9).

The plaintiff does not seem to dispute that the offenses he was convicted of qualify him for DNA testing. Rather, the plaintiff is stating that he should not be subjected to this testing because he has no parole or release date.

The statute says in relevant part persons convicted of certain crimes "shall, regardless of the sentence or disposition imposed, be required to submit specimens of blood, saliva or tissue to the Illinois Department of State Police..." 730 ILES 5/5-4-3(a). To pass constitutional muster under the Fourth Amendment, a search must be reasonable. "Reasonableness" is determined by balancing the intrusiveness of the search of the individual against the legitimate interest of the government in conducting the search. Delaware v Profuse, 440 U.S. 648, 654 (1979).

The Supreme Court has stated that the privacy interest infringed by a blood test is minimal because the intrusion caused be taking of a blood sample is "not significant." Skinner v Railway Labor Executives, 489 U.S. 602 (1989). In addition, some courts have found that the taking of blood samples from inmates convicted of certain offenses for DNA testing does not constitute an unreasonable search and seizure. Schlicher v Peters, 103 F.3d 940 (10th Cir. 1996); Vanderlinden v. State of Kansas, 874 F. Supp. 1210 (D. Kansas 1995). Lastly, a growing number of courts have found that the Fourth Amendment does not prevent the taking of blood samples for use in creating a DNA bank. Rise v Oregon, 59 F.3d 1556 (9th Cir. 1995); Jones v. Murray , 962 F2d 302 (4th Cir. 1992); Sanders v. Coman, 864 F.Supp 496(E.D.N.C. 1994).

> In each of these cases, the courts have found that the government's interest in maintaining a permanent identification record of convicted felons for resolving past and future crimes outweighs those minimal privacy interests (involved in gathering DNA samples). Williams v Berge, 2001 WL 34377346 at 4 (W.D. Wis 2001).

Lastly, the court notes that the Illinois statute involved in this case now also applies to "[a]ny person serving a sentence of life imprisonment in a facility of the Illinois Department of Corrections on the effective date of this amendatory Act of the 94th General Assembly." *See* 730 ILCS 5/5-4-3(a). This removes any question of timing of the test for those inmates serving a life

4

sentence. The defendants motion to dismiss the remaining claim is granted.

**IT IS THEREFORE ORDERED that:**

**(1) The defendants' motions to dismiss the complaint are granted. [d/e 26, 41.  The case is dismissed.  The parties are to bear their own costs.**

**(2) This dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record the strike against the plaintiff.**

**(3) All pending motions are denied as moot including: Defendant Skeens motion for summary judgement [d/e 72]; the parties various discovery motions [d/e 53, 60, 63, 65, 66, 67, 75]; and the plaintiff's motion concerning service of certain defendants. [d/e 46]**

**(4) It is further ordered that the agency having custody of the Plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory appeal fee of $150.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**(5) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**(6)The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 30th  day of March, 2006.

          s\Harold A. Baker
          _____
          HAROLD A. BAKER
          UNITED STATES DISTRICT JUDGE