UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN DUGAN,
   Plaintiff,

vs.                                              Case No. 04-1414

STEPHEN MOTE,. et. al.,
   Defendants.

ORDER

This cause is before the court for consideration of various pending motions including the plaintiff's motions for reconsideration of the court's March 30, 2006 order granting a motion to dismiss [d/e 86, 87]; the plaintiff's motion to amend his complaint [d/e 90] and the plaintiff's motion to expedite rulings on his motions. [d/e 95].

MOTIONS TO RECONSIDER

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).

The order dismissing this case was entered on March 30, 2006. The plaintiff's first motion to reconsider was received more than ten days later on April 13, 2006. There are no other indications of when the plaintiff may have given his motion to prison authorities. Therefore, the court will consider the motion pursuant to Rule 60.

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The plaintiff originally filed his lawsuit pursuant to 42 U.S.C.§1983 on December 3, 2004. On January 20, 2005, the court conducted a merit review of the plaintiff's complaint in which the plaintiff participated. The court then entered a merit review order on January 27, 2005 stating that the plaintiff had adequately alleged that the 14 named defendants had:

   1) violated the plaintiff's due process rights when issuing a disciplinary ticket and during disciplinary hearings; and

2) violated the plaintiff's First Amendment rights by requiring him to submit to a blood test.

Specifically, the plaintiff alleged that on August 26 and 27, 2003 and September 2 and 3, 2003, he was taken to the Health Care Unit at Pontiac Correctional Center and told he must voluntarily submit blood for DNA testing. The plaintiff did not submit to the test and was issued disciplinary tickets. The plaintiff was found guilty by the Adjustment Committee, but did not lose any good time credits as a result. The plaintiff further alleged several procedural errors during his disciplinary hearing.

A scheduling order was entered in the case on April 11, 2005. A variety of motions were then filed including the defendants' motion to dismiss.

On March 30, 2006, the court granted the defendants' motion to dismiss the complaint. The court found that the plaintiff has failed to state a violation of his due process rights since the defendants had pointed out that the plaintiff had no protected liberty interest at stake in the disciplinary proceedings. In addition, the court found that the plaintiff had failed to state a violation of his First Amendment rights. *See* March 30, 2006 Court Order.

The court noted in its order that the defendants' motion for summary judgement ignored the previously issued merit review order and also identified equal protection, First Amendment and Fifth Amendment claims alleged in the complaint. The court noted that it agreed with the defendants argument that these claims were not properly alleged in the complaint, and were not identified as viable claims by the court in its merit review order. The court also noted that the plaintiff had failed to file any motions since the merit review order asking the court to recognize any additional claims. "Therefore, the court will not consider any arguments that do not address the two claims specifically outlined in the merit review order." March 30, 2006 Court Order, p. 2.

The plaintiff now argues that the claims identified by the court "were never intended to be put before the court by the plaintiff." (Plain Mot., p. 1) The plaintiff says his intended claims were violations of due process, equal protection and free speech.

The plaintiff's motion to reconsider is denied. First, the merit review order was entered more than a year before the case was dismissed after reviewing the potential claims with the plaintiff. The order was provided to the plaintiff which clearly identified two claims before the court. The plaintiff does not explain how he failed to clarify these claims during the merit review hearing, nor why he failed to respond to the merit review order in any way.

Second, even if the plaintiff had included these additional claims, he has still failed to state a claim upon which relief can be granted in his complaint. The court has already addressed the plaintiff's due process allegations. Even if the plaintiff was alleging that the disciplinary reports were false, he has still failed to allege that he was deprived of a protected liberty interest.

In addition, simply adding the words "freedom of speech" and "equal protection" to a complaint, is not enough on its own to state a violation of an individual's constitutional rights.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motions to reconsider are denied. [d/e 86, 67]**

**2) The plaintiff's motion to amend his complaint is denied. [d/e 90] Final judgement has already been entered in this case.**

**3) The plaintiff's motion to expedite the proceedings is denied as moot. [d/e 95]**

ENTERED this 19th day of March, 2007.

                                                  s\Harold A. Baker
                                   _____
                                         HAROLD A. BAKER
                                UNITED STATES DISTRICT JUDGE